IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SIERRA HARRIS, | Civ. No. 6:25-cv-00786-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FREDRICK MERZ, et al. | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Ashley Sierra Harris seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. However, the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, although there are some confusing statements in Plaintiff's IFP Petition, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

The Complaint in this case is disjointed and difficult to understand. Defendants in this case are the Chancellor of Germany, the President of Russia, and the Prime Minister of the United Arab Emirates. It is not clear, however, what these individuals are alleged to have done.

In the section of the Complaint where Plaintiff is asked to identify the federal basis for jurisdiction, Plaintiff has written "MARHSAL PLAN!" which the Court interprets to mean the European Recovery Program, known as the Marshall Plan, which provided foreign aid to Europe in the aftermath of the Second World War, but it is not clear how Plaintiff believes she has a private right of action under the Marshall Plan. Plaintiff has also written "TREATY OF VERSAILLES IS WRONG, SHE HAS RIGHTS." The Court is at a loss to interpret this statement.

In the sections of the Complaint in which Plaintiff is asked to state the amount in controversy, the basis for her claim, and the relief she seeks, Plaintiff has written:

You can't put a price on the forced displacement of HORST FRÖBER!

I am in therapy.  I have PTSD.  I have anxiety.  I am [federally] qualified as disabled b/c of Saif Jnma [sic].  Khalifa Mohammed Alfuqaei UAE resident who knew in 2019 what happen[ed] didn't CARE!

1996-2025
1937-PRESENT
FOR STEALING HIS BIO VIKING BLOODED MOM FROM HER SON!

Compl. 4.

Plaintiff has included what appears to be a photocopy of a postcard sent from the Soviet Union to an addressee in Germany, sometime in the 1930s.  The postcard is written in a combination of Russian, French, and German and the Court is unable to interpret it.

On her civil cover sheet, Plaintiff has written "Lost Great Granda Displaced Person HORST FÖBER," with the note that her claim is "civi[l], other, immigration, intellectual property, TORTS, FORFEITURE."  Compl. 7.

Even considered together, these allegations fail to state any claim, nor do they appear to involve the named Defendants.  As a result, Plaintiff's Complaint must be dismissed.  Because Plaintiff is self-represented, the Court will dismiss with leave to amend and allow Plaintiff thirty days in which to file an amended complaint.  In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about her situation, other than what she includes in the amended complaint.  Plaintiff should clearly and briefly explain what has happened, how she

has been injured, and why she believes the named defendants should be held liable for the injury. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice.

Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. 3. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, because Plaintiff has failed to state a claim, the Motion for Appointment of Counsel is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to submit an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED.

It is so ORDERED and DATED this   15th   day of May 2025.

                                            /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge