IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SIERRA HARRIS, | Civ. No. 6:25-cv-00786-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FREDERICK MERZ, | |
| Defendant. | |

AIKEN, District Judge.

Self-represented Plaintiff Ashley Sierra Harris seeks leave to proceed *in forma pauperis* ("IFP") in this action. The Court has previously granted Plaintiff's IFP petition but dismissed the Complaint with leave to amend. ECF No. 6. Plaintiff was given thirty days in which to file an amended complaint. On June 2, 2025, Plaintiff timely filed an Amended Complaint, ECF No. 10, and submitted an unredacted copy of the Amended Complaint to chambers. Plaintiff has also filed a Motion for New Judge. ECF No. 11. The Motion for New Judge, ECF No. 11, is DENIED. The Clerk is directed to docket the unredacted copy of the Amended Complaint. The Amended Complaint is DISMISSED without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. Motion for a New Judge

The Court first must address the Motion for New Judge, ECF No. 11. The handwritten motion states in its entirety: "Moiton [sic] Request for a new judge in case 6:25-cv-00786-AAA [sic] file transfer and judement [sic] during this civil discourse for both camps subsequent criminal recourses that states may identify together."

The motion does not identify any basis or statutory authority for reassignment of this case, although the Court interprets the motion as one for recusal. Two federal statutes govern recusal and disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that a judge shall be disqualified where she has a "personal bias or prejudice either against [a party] or in favor of any adverse party[.]" *See United States v. Heffington*, 952 F.2d 275, 278 (9th Cir. 1991). Under § 144, the party moving

for recusal must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists" and must include a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. Conclusory allegations are insufficient to support a request for recusal on grounds of bias or prejudice. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Similarly, § 455 provides that federal judges must recuse themselves "in any proceeding in which [their] impartiality might be reasonably questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1); *see Heffington*, 952 F.2d at 278 ("Despite the differences in terminology between these two statutes, we have consistently indicated that the tests for personal bias and prejudice are identical.").

Under § 144, a challenged judge must determine in the first instance whether the affidavit required in the statute is legally sufficient and, if so, must refer the motion to another judge for determination. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). Here, the Court finds that Plaintiff has not made a legally sufficient affidavit or a proper certification stating that the motion is made in good faith. The motion therefore fails to extent it is brought under § 144.

The motion also fails if considered on its merits. In both §§ 144 and 455, the standard is "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (internal quotation marks and citations omitted). The standard requires a recusal if a reasonable third-party observer would

perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Cuevas v. Kelly*, Civil No. 6:18-cv-01973, 2019 WL 2518121, at *1 (D. Or. June 18, 2019). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court of Nevada*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citations omitted). To warrant recusal under § 455, judicial bias must stem from an extrajudicial source and not from conduct or rulings made during the course of proceedings. *$292,888.04 in U.S. Currency*, 54 F.3d at 566.

Here, Plaintiff does not state why she wants this case to be reassigned. To the extent that the motion arises from Plaintiff's dissatisfaction with the Court's rulings and orders, § 455 requires that the bias stem from an extrajudicial source and a judge's prior adverse ruling alone is an insufficient basis for recusal. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). The Court concludes that Plaintiff has not made a sufficient showing to justify recusal under either § 144 or § 455. The Motion for New Judge, which the Court interprets as a motion for recusal or disqualification, is DENIED.

## II. Amended Complaint

As a preliminary matter, the Court notes that Plaintiff has filed a copy of the Amended Complaint with sections blacked out. Plaintiff has submitted a copy without the redactions directly to chambers. This is improper. As the Court explained in its prior Order, ECF No. 9, there is a strong presumption in favor of public access to court records. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d

1172, 1178-79 (9th Cir. 2006). Plaintiff has not made any showing to overcome this presumption. The Court will therefore direct the Clerk of Court to docket the unredacted version of the Amended Complaint sent to chambers and the Court will reference that version in this Order.

The Court dismissed the original Complaint in this case, noting that it was "disjointed and difficult to understand" and that it was not clear what the individual Defendants were alleged to have done. The Amended Complaint, ECF No. 10, is more legible, but it is still disjointed and fails to state a claim.

Plaintiff has apparently dropped her claims against all the named Defendants except Freiderich Merz. The Amended Complaint remains incoherent, however. It offers statements such as:

- "The scope of interest is in DISPUTING all contract on record with Germany (41 U.S.C. 7109) due to the fact the German state HAS NOT CLAIMED THE STATUS OF A BIOLOGICAL GENETICALLY ENGINEERED DNA MARKER from the genetic genome in sequence from Frederick Frober March 15th 1937 Kiel NAZI GERMANY." Am. Compl. 2.

- "If the maternal parent of Horst Frober is not REDEEMED WITH THE STATUS OF WHOE THE GENETIC SEQUENCE IS FROM THE MATERNAL SIDE, the U.S.C. is useless at its core as a VALID CODE." Am. Compl. 2.

- "With the United Nations alleging there are 8.2 billion on this planet with only finite resources standing between us in the TRAGEDY OF THE COMMONS,

I advocate for this case to uphold the security of the U.S.C. for the maternal parent (42 U.S.C. 247b-12) for the SAFETY and SECURITY of our GENETIC SEQUENCING ACCOUNT OF MATERNAL AND PATERNAL RESPONSIBILITIES TO THE STATE TO STAY FREE FROM CHARGE UNDER THOSE CONDITIONS." Am. Compl. 3.

- "WE ARE FIXING THE GENETIC SEQUENICING ACCOUNT FROM KIEL 1937 THERE IS NO GLORY IN BREAKING THAT BOND. THERE WILL NEVER BE CREDIT FOR DOING SO because if it worked, we would be doing so." Am. Compl. 3.

- "BUT FACT IS, WE DO NOT KNOW IF GREAT GRANDMA'S GENETIC MATERIAL IS IN THE RED WALL FOR THE KREMLIN, WE DO NOT KNOW THE STATE OF HER EXISTENCE AND IT WILL COST TO TRY TO DO SO." Am. Compl. 2.

Plaintiff also cites a series of statutes, many of which appear to have no relation to the case and/or do not contain any private right of action. *See, e.g.*, 12 U.S.C. § 5531 (describing the authority of the Consumer Financial Protection Bureau to prohibit unfair, deceptive, or abusive practices); 10 U.S.C. § 333 (authorizing the Secretary of Defense to train and equip foreign security forces); 49 U.S.C. § 44907 (directing the Secretary of Transportation to assess the effectiveness of security measures at certain foreign airports); 25 U.S.C. § 3005 (concerning the repatriation of Native American human remains and artifacts from federal agencies and

museums). Many of the cited statutes have no apparent connection to the surrounding sentences.

In sum, the Court concludes that, despite the guidance provided in the Court's previous Order, Plaintiff has been unable to articulate any claim. The Amended Complaint is DISMISSED without leave to amend. The Court concludes that it would futile to allow further amendment in this case. Dismissal shall therefore be without further leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for New Judge, ECF No. 11, is DENIED. The Clerk is directed to file the unredacted copy of the Amended Complaint on the docket. Plaintiff's Amended Complaint, ECF No. 10, is DISMISSED without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___3rd___ day of June 2025.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge